UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAVTIRA CORPORATION, a Delaware
corporation,

        Case No.: 8:11-cv-00719-T-24-TGW

    Plaintiffs,

ROBERT HILLIER and SAVTIRA
CORPORATION, a Florida corporation,

    Defendants.

_____/

## **ORDER**

This cause comes before the Court on a Motion to Dismiss Complaint filed by Defendants Robert Hillier and Savtira Corporation, a Florida corporation.  (Doc. No. 13.) Plaintiff Savtira Corporation, a Delaware corporation, has filed a response in opposition to the motion.  (Doc. No. 14.)

**I.     Background**

The plaintiff in this case is Savtira Corporation, a corporation formed in Delaware (hereinafter, "Plaintiff" or "Savtira Delaware").  On April 5, 2011, Savtira Delaware filed a complaint against Robert Hillier and against a Florida corporation by the same name, Savtira Corporation (hereinafter, "Defendants" or "Savtira Florida").  (Doc. No. 1.)  Savtira Delaware alleges that it was organized, commenced business operations, and was incorporated into the State of Delaware on or around October 2010.  It alleges that it applied for U.S. Trademark Registration of its corporate name, Savtira.

Savtira Delaware alleges that Hillier later formed Savtira Florida and serves as its president.  Plaintiff alleges that Hillier formed Savtira Florida under the same name as Savtira

Delaware with intent to harm Plaintiff and to benefit from use of the Savtira name. Savtira Delaware alleges that Defendants acquired access to its Dunn & Bradstreet credit rating service account and caused false information to be published on the account. Plaintiff finally alleges that it has been aggrieved by Defendants' actions.

Savtira Delaware asserts three causes of action against Defendants. In Count One, Savtira Delaware asserts a claim for Trademark Infringement, alleging that Defendants' use of the Savtira name and mark is likely to cause confusion, to cause mistake, or to deceive Savtira Delaware's customers. In Court Two, Plaintiff asserts that Defendants violated Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), by willfully and harmfully using the Savtira name in a way that is likely to deceive Savtira Delaware's customers. Finally, in Count Three, Plaintiff asserts that Defendants participated in deceptive and unfair trade practices in violation of Florida Statute § 501.204(1), both through Defendants' acts of infringement and Defendants' access to Plaintiff's account with Dunn & Bradstreet.

Savtira Delaware seeks monetary damages, a temporary restraining order, and a preliminary injunction to enjoin Defendants' infringing activities.

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Id.* Where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.* at 1950. Furthermore, while the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. *Id.* at 1949. The door to discovery will not open for a plaintiff "armed with nothing more than legal conclusions." *Id.* at 1950.

### III. Discussion

#### A. Count One: Trademark Infringement

Savtira Florida moves to dismiss Count One for "Trademark Infringement," arguing that Savtira Delaware did not allege whether the action is based in state law or federal law, or whether it is a statutory claim or a claim based in common law. By not specifying a basis for the cause of action, Defendants contend that Plaintiff's allegations are so vague and ambiguous as to prevent them from reasonably responding to the complaint.

The Court concludes that Defendants' motion to dismiss is due to be granted as to this claim. Plaintiff failed to identify the legal basis for its trademark infringement claim, and therefore it is not sufficient to give Defendants fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Nevertheless, Savtira Delaware's trademark infringement claim shall be dismissed without prejudice, and Savtira Delaware shall have leave to amend this claim.

**B. Count Two: Unfair Competition under 15 U.S.C. § 1125(a)**

Defendants next argue that Savtira Delaware's claim under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), should be dismissed because Plaintiff failed to allege sufficient facts to support a cause of action under 15 U.S.C. § 1125(a). Defendants argue that Plaintiff's failure to allege that it had priority rights in the mark is fatal to its claim. Defendants attach to the motion United States Patent and Trademark Office records that state that Savtira Delaware was trademarked after Savtira Florida, as evidence that Savtira Delaware does not have priority rights in the mark. In response, Savtira Delaware argues that Defendants cannot refer to matters outside the complaint as a reason for dismissal.

When a motion to dismiss is based on failure to state a claim, the district court must either limit itself to the allegations within the pleading or, at its discretion, treat the motion as one for summary judgment and provide adequate notice to the nonmoving party as required by Rule 56(c). *Universal Express, Inc. v. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006). However, the Eleventh Circuit has adopted the "incorporation by reference" doctrine, under which the district court may take judicial notice of certain facts without converting the motion to dismiss into one for summary judgment, if the attached document is (1) central to the plaintiff's claim and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Universal Express*, 177 Fed. Appx. at 53 (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). Public records, including administrative agency records, are documents that may be incorporated by reference. *Universal Express*, 177 Fed. Appx. at 53 (citing *Bryant*, 187 F.3d at 1278). Because records from the United States Patent and Trademark Office are (1) central to Plaintiff's claims of trademark infringement and unfair competition and (2) a public record that

4

Plaintiff has not disputed, the Court may consider the records in resolving a motion to dismiss. *See Horsley*, 304 F.3d at 1134 (11th Cir. 2002).

Savtira Delaware additionally responds that, even if the documents can be considered when ruling on the motion to dismiss, Count Two should not be dismissed because it has sufficiently alleged a prima facie case for unfair trade practices under 15 U.S.C. 1125(a).

To state a claim under 15 U.S.C. § 1125(a), a plaintiff must plead facts that demonstrate (1) that it had prior rights to its mark or name and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two. *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997). To satisfy the first element of trademark infringement under Section 43 of the Lanham Act, proof of a valid trademark, a plaintiff need not have a registered mark. *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010). Ownership of a mark under the Lanham Act is determined by use, and registration does not necessarily create ownership. *Compton v. Fifth Ave. Ass'n, Inc.*, 7 F. Supp. 2d 1328, 1331 (M.D. Fla. 1998); *see also In re Wrubleski*, 380 B.R. 635, 639 (Bankr. S.D. Fla. 2008) ("The party that first uses a mark, develops common law trademark rights that are, or may be, superior to the rights acquired by a later registrant of the mark." (quoting *Goldberg v. Cuzcatlan Bevs., Inc.*, 260 B.R. 48, 53 (Bankr. S.D. Fla. 2001))).

Viewing the complaint in the light most favorable to Plaintiff and assuming that the facts alleged in the complaint are true, Plaintiff has alleged sufficient facts at this stage in the proceedings against Defendants Hillier and Savtira Florida for the 15 U.S.C. 1125(a) claim to survive a motion to dismiss. First, Plaintiff alleged that Savtira Delaware commenced business operations before Savtira Florida was formed and that Savtira Delaware applied for U.S. Trademark Registration. Defendants' attachment of records from the United States Patent and

Trademark Office do not affect Plaintiff's allegations, as earlier registration of the trademark is not essential to the 15 U.S.C. 1125(a) claim. Plaintiffs also have alleged that Defendants' use of the Savtira name is likely to cause confusion. As such, Hillier and Savtira Florida's motion to dismiss as to the 15 U.S.C. 1125(a) claim must be denied.

### C. Count Three: Deceptive and Unfair Trade Practices under Fla. Stat. § 501.211

Defendants finally argue that Savtira Delaware's claim under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.211, should be dismissed because, under 28 U.S.C. § 1367(c), once the federal claims have been dismissed, the district court may choose not to exercise its supplemental jurisdiction over state claims. Defendants argue that once the federal claims contained in Counts One and Two are dismissed, the Court should decline to exercise its supplemental jurisdiction over the state law claim contained in Count Three.

Under 28 U.S.C. 1367(a), the Court may exercise supplemental jurisdiction over Count Three, a state claim, because the Claims Two and Three "derive from a common nucleus of operative fact" and thereby "form part of the same case or controversy." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Accordingly, the Court rejects Defendants' argument as to this claim.

### IV. Conclusion

According, it **ORDERED AND ADJUDGED** that Hillier and Savtira Florida's Motion to Dismiss (Doc. No. 13) is **GRANTED IN PART** to the extent that Count One is **DISMISSED WITHOUT PREJUDICE**. Savtira Delaware is directed to file an amended complaint on or before June 24, 2011. Otherwise, the motion is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 7th day of June, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of record